Keiyana Fordham Pilson (SBN 331699)
PILSON LAW GROUP, P.C.
4601 Lafayette Street, #4476
Santa Clara, CA 95054
(202) 725-7440 Tel
(408) 884-2407 Fax
kpilson@pilsonlawgroup.com

*Attorney for Plaintiffs,*
*Hollywood Unlocked, Inc., and*
*Jason Lee Johnson*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOLLYWOOD UNLOCKED, INC., a California Corporation, and JASON LEE JOHNSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>LIFETIME ENTERTAINMENT SERVICES, LLC, a Delaware Limited Liability Company; A&E TELEVISION NETWORKS, LLC, a Delaware Limited Liability Company; HOME BREWED PRODUCTIONS, LLC, a California Limited Liability Company, and DOES 1-10,<br><br>Defendants. | CASE NO. 2:20-CV-11273<br><br>COMPLAINT FOR COPYRIGHT INFRINGMENT<br><br>REQUEST FOR JURY TRIAL<br><br>Trial Date: None |

Plaintiffs, Hollywood Unlocked, Inc., and Jason Lee Johnson by and through their undersigned attorney of record, allege as follows:

**JURISDICTION AND VENUE**

1. The court has original jurisdiction of this action under 17 U.S.C. § 501 *et seq.*, and 28 U.S.C. § 1338(a).

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendants committed acts of copyright infringement and have regular and established places of business.

**THE PARTIES**

3. Plaintiff, HOLLYWOOD UNLOCKED, INC. ("Plaintiff" or "Hollywood Unlocked"), is a California corporation with its principal place of business in Los Angeles, California.

4. Plaintiff, JASON LEE JOHNSON ("Plaintiff" or "Jason Lee"), is CEO and founder of Hollywood Unlocked, and a resident of Los Angeles, California.

5. Defendant, LIFETIME ENTERTAINMENT SERVICES, LLC. ("Defendant" or "Lifetime"), is, on information and belief, a Delaware limited liability company with its principal place of business in New York, New York, and an office in Los Angeles, California.

6. Defendant, A&E TELEVISION NETWORKS, LLC ("Defendant" or "A&E TV Networks"), is, on information and belief, a Delaware limited liability company with its principal place of business in New York, New York, and an office is Los Angeles, California.

7. Defendant Lifetime is, on information and belief, a wholly

owned subsidiary of A&E TV Networks.

8. Defendant, HOME BREWED PRODUCTIONS LLC ("Defendant or "Home Brewed Productions") is, on information and belief, a California limited liability company with its principal place of business in Los Angeles, CA.

9. Defendant Home Brewed Productions is, on information and belief, the production company that produced the show at issue for Lifetime and A&E TV Networks.

10. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any resulting damages.

11. Plaintiffs are unaware of the true names and capacities of the defendants identified herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, and therefore sues those defendants under said fictitious names. Plaintiffs are informed and believe, and on that basis, allege that each defendant identified herein as DOE is legally responsible for the allegations in this Complaint and proximately caused injury and damages to Plaintiffs. Plaintiffs will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained. Hereinafter, Lifetime, A&E TV Networks, Home Brewed Productions, and DOES 1 through 10 are collectively referred to as "Defendants."

12. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants has acted in concert and participation with each other concerning the claims in this Complaint.

13. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants were empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by one of them were authorized, approved, and/or ratified by each of them.

**GENERAL ALLEGATIONS**

14. This is a civil action for damages and injunctive relief by Plaintiffs against Defendants for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (the "Copyright Act").

15. Plaintiff, Hollywood Unlocked, is a media and entertainment company that operates a website, available at www.hollywoodunlocked.com ("the Website").

16. Plaintiff, Jason Lee, is CEO and founder of Hollywood Unlocked, and an entertainment personality who develops original programming for his show, Hollywood Unlocked with Jason Lee Uncensored ("Hollywood Unlocked Uncensored").

17. Hollywood Unlocked distributes its content across its social media channels, online video platforms, and has licensed its original programming content to third parties.

18. Hollywood Unlocked Uncensored is a show that airs live twice a week on Mondays and Thursdays and is thereafter available on demand on various platforms including YouTube, iHeartRadio, iTunes, and the Website.

19. Hollywood Unlocked Uncensored is hosted by Jason Lee, alongside two other co-hosts. The show has a talk radio style format where the hosts engage celebrity guests in tell-all interviews. The hosts also discuss breaking news stories, contemporary politics, and celebrity and entertainment news with a focus on African-American culture.

20. As an entertainment personality and the namesake of Hollywood Unlocked Uncensored, Jason Lee, leverages his personal relationships with celebrities to invite them as guests to the show. The show is a platform for celebrities to clear up rumors and allegations involving them, and share exclusive content.

21. Jason Lee and his team develop the creative content for each

show. Jason Lee utilizes his years of experience in Hollywood entertainment, his talent, and creativity to develop content and original programming for the show that is enticing, interesting, and engaging for its viewers. Each show involves substantial time and monetary commitments for content development, production, marketing, and distribution.

22. Because of Jason Lee's experience, talent, and creativity, he has built Hollywood Unlocked into a brand with a dedicated following to its Website and social media channels, and has expanded the brand to include original video programming on Hollywood Unlocked Uncensored. As a result, Hollywood Unlocked has 2.1 million followers on Instagram, and 200,000 followers on Facebook. Hollywood Unlocked Uncensored has 247,000 subscribers to its YouTube channel.

23. Hollywood Unlocked generates revenue from advertising. Hollywood Unlocked drives traffic from its Website, and from its social media channels, which translates into viewers for Hollywood Unlocked Uncensored and advertising revenue dollars based on audience size and demographics.

24. In May 2019, Hollywood Unlocked Uncensored first aired an interview with celebrity recording artist, K. Michelle. The subject of the show was "K. Michelle Talks Discrimination in the Music Industry and R. Kelly" ("the Interview").

25. During the Interview, K. Michelle candidly discussed with Jason Lee and his co-hosts her personal thoughts on the sexual assault allegations against R. Kelly, among other topics.

26. On May 8, 2019, Hollywood Unlocked published the Interview on YouTube, iHeartRadio and its Website.

27. The Interview received significant attention after it was published with over 245,000 views, over 5,600 likes by viewers, and 1,625

comments.

28. On January 2, 2020, Defendant Lifetime, aired its documentary, "Surviving R. Kelly, Part II: The Reckoning" on Lifetime's cable channel, which is owned by Defendant, A&E TV Networks ("the Lifetime Documentary").

29. On the same date that the Lifetime Documentary aired, Plaintiff became aware that Defendants unlawfully used, without permission, a license, or a legal defense, a clip from the Interview on Plaintiff's show, Hollywood Unlocked Uncensored, specifically at S.2, Ep.1, 29:19-31.

30. The Lifetime Documentary used Plaintiff's Interview for its original purpose, and not a fair use. Rather than conduct its own interview of celebrity recording artist, K. Michelle, Defendants used Plaintiff's copyrighted Interview, which made not only the recording artist, K. Michelle, but also Jason Lee, and Hollywood Unlocked to be unwilling participants of the controversial documentary series.

31. The Lifetime Documentary identifies K. Michelle in a subtitle as a "Former R. Kelly protégé," which is an attribution that was likely not approved by the artist and was certainly not approved by Hollywood Unlocked to be used in connection with the Interview.

32. Furthermore, Lifetime's use of the Interview also constitutes an unauthorized use of Jason Lee's image. To protect the Hollywood Unlocked brand, Jason Lee does not want to have any association with a documentary focused on the highly sensitive and provocative topic of R. Kelly and the sexual assault allegations against him. The Hollywood Unlocked brand is currently expanding by various media partnerships and its reputation is of paramount importance.

33. As a result of Hollywood Unlocked's unwilling participation in the Lifetime Documentary, Hollywood Unlocked's reputation was harmed

and it has received a number of victims' rights letters and other negative media comments because of its association with the Lifetime Documentary.

34. On January 21, 2020, Hollywood Unlocked, through its undersigned attorney, contacted A&E TV Networks by letter to have its copyrighted material removed from the Lifetime Documentary or alternatively pay reasonable compensation for the use of its copyrighted work.

35. A&E TV Networks did not provide a response, but the purported production company for the Lifetime Documentary, Defendant Home Brewed Productions, issued a response on behalf of A&E TV Networks, and rejected all of Hollywood Unlocked's demands.

36. After no resolution was met, Hollywood Unlocked has filed this Complaint.

37. As of the date of filing this Complaint, Defendants are continuing to infringe on Hollywood Unlocked's copyrighted work by including the Interview in the Lifetime Documentary.

38. Hollywood Unlocked is the sole and exclusive owner of its intellectual property. Hollywood Unlocked owns all content created for the show, Hollywood Unlocked Uncensored, and limits distribution of that content at the time of publication.

39. Hollywood Unlocked is the holder of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license throughout the United States its audiovisual multimedia work described above as the Interview, registered with the U.S. Copyright Office as PA 2-235-589, described in Exhibit A, and is the subject of this action.

40. At no time did Hollywood Unlocked authorize any of the Defendants, by license or otherwise, to copy, reproduce, distribute, or display any of the copyrighted Interview.

41. Therefore, Defendants collectively infringed on Plaintiff's

exclusive rights in the Interview by copying, reproducing, duplicating, distributing, and displaying it as part of the Lifetime Documentary without Plaintiff's permission.

42. Because of Defendants actions, each acting in concert, to promote and profit from the Lifetime Documentary, Plaintiff has suffered severe economic losses and reputational damages in an amount to be proven at trial.

43. Defendants continue to infringe on Plaintiff's copyrighted work by using the Interview as part of the Lifetime Documentary, and unless temporarily, preliminarily, and permanently enjoined by Order of this Court, will continue to infringe said copyright and cause irreparable injury to Plaintiff. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law as damages are difficult to ascertain unless injunctive relief is granted.

44. Defendants have committed all of the aforesaid acts deliberately and willfully by infringing on Hollywood Unlocked's copyrighted work without regard to its intellectual property rights.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement Under 17 U.S.C. 101 *et seq.* Against All Defendants)**

45. Plaintiffs repeat and reallege all prior allegations contained in this Complaint.

46. Hollywood Unlocked holds the exclusive rights for its copyrighted work, the Interview, under the Copyright Act to reproduce, distribute, display, or license throughout the United States its audiovisual multimedia work.

47. Defendants have infringed on Plaintiff's rights as described above by copying, reproducing, duplicating, distributing, and displaying

Plaintiff's copyrighted work as part of the Lifetime Documentary without Plaintiff's permission.

48. Defendants infringing actions constitutes willful infringement under the Copyright Act.

49. As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiff has suffered actual damages in an amount to be proven at trial.

50. Plaintiff is entitled to recover an award of actual damages or Defendants' profits gained because of the copyright infringement.

51. Alternatively, Plaintiff is entitled to recover from Defendants the full range of statutory damages under the Copyright Act, 17 U.S.C. § 504(a)(1), (b) for willful copyright infringement, plus an award of attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**

**(Right of Publicity Violation Under Cal. Civ. Code § 3344 Against All Defendants)**

52. Plaintiffs repeat and reallege all prior allegations contained in this Complaint.

53. Plaintiff, Jason Lee, is the owner of the publicity rights in his name, voice, and likeness as an entertainment personality who makes appearances, and hosts several shows across various multimedia platforms.

54. Defendants have willfully and without authorization used Jason Lee's name, voice, and likeness for commercial purposes when the Lifetime Documentary used Hollywood Unlocked's Interview as part of its controversial R. Kelly series.

55. Defendants' unauthorized use of Jason Lee's name, voice, and likeness constitute a commercial misappropriation in violation of Section

3344 of the California Civil Code.

56. As a direct and proximate result of Defendants' wrongful conduct, Jason Lee has suffered reputational damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**(Common Law Right of Publicity Violation Against All Defendants)**

57. Plaintiffs repeat and reallege all prior allegations contained in this Complaint.

58. Plaintiff, Jason Lee, is the owner of the common law publicity rights in his name, voice, and likeness as an entertainment personality who makes appearances, and hosts several shows across various multimedia platforms.

59. Defendants have willfully and without authorization used Jason Lee's name, voice, and likeness for commercial purposes when the Lifetime Documentary used Hollywood Unlocked's Interview as part of its controversial R. Kelly series.

60. Defendants' unauthorized use of Jason Lee's name, voice, and likeness constitute a violation of California's common law right of publicity.

61. As a direct and proximate result of Defendants' wrongful conduct, Jason Lee has suffered reputational damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. For an Order enjoining Defendants from infringing Hollywood Unlocked's copyrighted work, the Interview, by removing the clip from the Lifetime Documentary, temporarily while this action is pending, and thereafter permanently;

2. An award of actual damages by way of profits gained that were attributed to Defendants' infringement of Hollywood Unlocked's copyrighted work, or statutory damages under the Copyright Act attributable to Defendants' infringement of Hollywood Unlocked's copyrighted work that this Court deems proper and just under the Act;

3. For an award of attorneys' fee under the Copyright Act, 17 U.S.C. § 505;

4. For an award of costs under the Copyright Act, 17 U.S.C. § 505;

5. An award of compensatory damages in an amount to be proven at trial for Defendants' misappropriation of Plaintiff, Jason Lee's image, voice, and likeness.

6. For an award of pre-judgment interest and post-judgment interest to the maximum extent allowed by law;

7. For such other and further relief as the Court deems just and proper.

Dated: December 11, 2020

Respectfully submitted,

PILSON LAW GROUP, P.C.
By: /s/Keiyana Fordham Pilson
Keiyana Fordham Pilson
*Attorney for Plaintiffs,*
*Hollywood Unlocked, Inc.*
*Jason Lee Johnson*

**DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, Plaintiffs request a trial by jury on all issues so triable.

Dated: December 11, 2020

Respectfully submitted,

PILSON LAW GROUP, P.C.

By: /s/Keiyana Fordham Pilson
Keiyana Fordham Pilson
*Attorney for Plaintiffs,*
*Hollywood Unlocked, Inc.*
*Jason Lee Johnson*