UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11273-MCS-RAO | Date | March 17, 2021 |
| Title | *Hollywood Unlocked, Inc. v. Lifetime Entm't Servs., LLC* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION TO DISMISS (ECF NO. 22) AND GRANTING MOTION TO STRIKE (ECF NO. 23)

Defendants Lifetime Entertainment Services, LLC, A&E Television Networks, LLC, and Home Brewed Productions, LLC, move to dismiss the copyright infringement claim of Plaintiffs Hollywood Unlocked, Inc., and Jason Lee Johnson. (MTD, ECF No. 22.) Defendants also move to strike Plaintiffs' right-of-publicity claims pursuant to California's anti-SLAPP statute. (MTS, ECF No. 23.) The Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motions set for March 22, 2021.

In the interests of justice and judicial economy, the Court has considered Plaintiffs' late opposition (ECF No. 24) and Defendants' overlong reply (ECF No. 28). C.D. Cal. R. 7-9 (requiring opposition brief to be filed no later than 21 days before hearing); (Initial Standing Order § 9(d), ECF No. 14 (setting 10-page limit for reply briefs).) The Court will strike any further filings that fail to comply with the procedural requirements set forth in the Local Rules and the Court's orders.

I.  BACKGROUND

Johnson, through his media and entertainment company Hollywood Unlocked, develops original programming content for his talk radio–format show, *Hollywood Unlocked with Jason Lee Uncensored*. (Compl. ¶¶ 15–23, ECF No. 1.) In May 2019, Plaintiffs broadcast an interview with recording artist K. Michelle on the show, during which K. Michelle discussed her personal thoughts on sexual assault allegations against R. Kelly. (*Id.* ¶¶ 24–27.) Without Plaintiffs' authorization, Defendants used an excerpt from the interview in the documentary *Surviving R. Kelly, Part II: The Reckoning*, which first aired in January 2020. (*Id.* ¶¶ 28–32.) Defendants refused to remove the interview from the documentary or pay Plaintiffs for its inclusion. (*Id.* ¶¶ 34–35.)

Plaintiffs bring three claims: (1) copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, (2) violation of the statutory right of publicity, Cal. Civ. Code § 3344; and (3) violation of the common-law right of publicity. (*Id.* ¶¶ 45–61.)

II.  MOTION TO DISMISS

A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B. Discussion

Defendants argue that Plaintiffs' copyright infringement claim fails as a matter of law under the fair use doctrine. (MTD 6–12.) Because the affirmative defense of fair use presents a mixed question of law and fact, courts typically reserve it for summary judgment. In rare circumstances, courts may resolve the issue on a motion to dismiss if the factual allegations, taken as true, support a finding of fair use. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008); *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009).

Resolving the fair use question on the pleadings would be inappropriate here. Accepting Plaintiffs' allegations in the light most favorable to them, the Complaint on its face does not present a fair use issue. (*E.g.*, Compl. ¶¶ 29–33 (alleging facts supporting the conclusion that Defendants "used Plaintiff's Interview for its original purpose, and not a fair use").) Accepting Defendants' argument would require the Court to look beyond the Complaint and resolve disputed questions of fact. (*E.g.*, MTD 7–8 (requesting that the Court evaluate the interview excerpt in their documentary and conclude Defendants' use was transformative).) A Rule 12(b)(6) motion is not the proper vehicle for Defendants' argument. *See U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) ("[D]ismissal based on an affirmative defense is permitted when *the complaint* establishes the defense."); *e.g.*, *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1174 (N.D. Cal. 2019) (declining to decide fair use defense to copyright claim on motion to dismiss); *Browne*, 612 F. Supp. 2d at 1130–31 (same); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (same).

The Court denies the motion without prejudice to Defendants' assertion of fair use as an affirmative defense in this action.

### III. ANTI-SLAPP MOTION TO STRIKE

### A. Legal Standard

California Code of Civil Procedure section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). Such a motion allows courts to dismiss at an early stage of litigation unmeritorious litigation that challenges various kinds of protected speech. *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002). The anti-

SLAPP statute is given full effect in federal court. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

Anti-SLAPP motions are subject to a two-step analysis with shifting burdens. First, the movant must make a threshold showing that the challenged claim arises from an "act in furtherance of [the movant's] right of petition or free speech" within the meaning of California Civil Procedure Code section 425.16(e). *See Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotation marks omitted). If the movant satisfies this threshold showing, the burden shifts to the claimant to establish a reasonable probability of prevailing by demonstrating that the challenged claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (internal quotation marks omitted).

### B.　　Discussion

Plaintiffs do not dispute that their right-of-publicity claims arise from Defendants' protected speech. (*See* Opp'n 13–15.) The Court focuses on the second step of the anti-SLAPP analysis.

Defendants argue that the First Amendment bars Plaintiffs' claims. (MTS 7–9.) Plaintiffs do not substantively respond to this argument; instead, they cursorily state that they do not seek "to curtail Defendants' First Amendment rights" by enjoining publication of Defendants' documentary. (Opp'n 13–14.) Because Plaintiffs fail to address Defendants' First Amendment arguments, the Court deems them conceded. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived."). Nonetheless, because Defendants bear the burden on this motion to show the First Amendment prevents Plaintiffs from prosecuting their claims, the Court examines the merits. *See Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015) ("Although the anti-SLAPP statute places on the plaintiff the burden of substantiating its claims, a defendant that advances an affirmative defense to such claims properly bears the burden of proof on the defense." (internal quotation marks omitted)).

The First Amendment "safeguards the storytellers and artists who take the raw materials of life—including the stories of real individuals, ordinary or

extraordinary—and transform them into art, be it articles, books, movies, or plays." *Sarver*, 813 F.3d at 905. The First Amendment precludes right-of-publicity claims concerning "expressive works, whether factual or fictional," *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1123 (N.D. Cal. 2002) (quoting *Guglielmi v. Spelling-Goldberg Prods.*, 25 Cal. 3d 860, 871–72 (1979)), or related to the publication of matters in the public interest, *Davis*, 775 F.3d at 1178–79.

The Court finds *Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418 (S.D.N.Y. 2019), factually analogous and persuasive. There, producers used footage of musician Bobby Brown in their documentary film about Whitney Houston, *Whitney: Can I Be Me*, without Brown's permission. *Id.* at 427–28. Brown brought right-of-publicity claims against the producers under California common law and Civil Code section 3344. *Id.* at 428–29. The district court granted a motion to dismiss on the basis that the First Amendment precluded these claims. *Id.* at 437–40. The court reasoned that "films and television programs based on true events," like the documentary at issue, "are constitutionally protected expressive works." *Id.* at 438 (citing *Sarver*, 813 F.3d at 905, *Guglielmi*, 25 Cal. 3d at 872, and *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 850 (2018)). Given its subject matter, "the life story of a world-famous musician who had a lasting impact on popular culture," the documentary also was protected as a matter of public interest. *Id.*

Like in *Brown*, Plaintiffs here seek to maintain claims concerning the publication of an expressive work discussing matters in the public interest. Plaintiffs allege Defendants violated their right of publicity by using Johnson's image from the Hollywood Unlocked interview with K. Michelle in a documentary television program discussing sexual misconduct allegations against R. Kelly. (*See* Compl. ¶¶ 28, 32, 54, 59.) As Plaintiffs allege, the subject of the documentary is "highly sensitive and provocative." (*Id.* ¶ 32.) Indeed, Plaintiffs admit their own interview with K. Michelle on the topic "received significant attention." (*Id.* ¶¶ 24, 27.) Given the expressive nature and the subject matter of Defendants' documentary, Plaintiffs' right-of-publicity claims must be stricken. *See Sarver*, 813 F.3d at 906 (affirming grant of anti-SLAPP motion because "applying California's right of publicity in this case would violate the First Amendment").

Because the First Amendment defense is dispositive of Plaintiffs' right-of-publicity claims, the Court does not address the other grounds upon which Defendants' anti-SLAPP motion rests. The Court grants the motion to strike and dismisses the right-of-publicity claims without leave to amend.

## IV. CONCLUSION

The motion to dismiss is denied, and the motion to strike is granted. The Court dismisses Plaintiffs' second and third claims for violation of the right of publicity without leave to amend. Defendants shall file a request for fees and costs under California Code of Civil Procedure section 425.16(c)(1) within 14 days.

**IT IS SO ORDERED.**